COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-362-CV

LAN CUNNINGHAM APPELLANT

V.

GARY CUNNINGHAM APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
AND JUDGMENT

------------

We have considered the “Joint Motion to Vacate Judgment Pursuant to Settlement” filed by appellant and appellee.  It is the court’s opinion that the motion should be granted in part and denied in part.
(footnote: 2)  Accordingly, without regard to the merits, we vacate the trial court’s judgment and remand the case to the trial court for rendition of a judgment in accordance with the parties’ settlement agreement.  
See 
Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); 
Innovative Office Sys., Inc. v. Johnson
, 911 S.W.2d 387, 388 (Tex. 1995).

Appellant Lan Cunningham and Appellee Gary Cunningham shall each pay half of the costs of this appeal, for which let execution issue.  
See 
Tex. R. App. P. 43.4.

PER CURIAM

PANEL:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  October 30, 2008

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
The parties ask us to “effectuate the parties’ agreement” by “vacating and setting aside the Contempt Order signed by the trial court on March 20, 2008.”  Rule 42.1(a)(2), however, permits us to render judgment effectuating the parties’ agreements 
or
 to vacate the trial court’s judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement; we cannot do both.  
See 
Tex. R. App. P. 42.1(a)(2)(A), (B).  The parties also state that “remand is unnecessary[,] and the appropriate disposition is to dismiss the appeal following vacating the Contempt Order.”  But we cannot both vacate the trial court’s judgment and dismiss the appeal.  
See 
Tex. R. App. P. 42.1(a)(2)(B); 43.2(d), (f); 
see also FarWest Ins. Co. v. State
, No. 08-04-00158-CV, 2004 WL 1771241, at *1 (Tex. App.—El Paso Aug. 5, 2004, no pet.) (mem. op.).